# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TERRY L. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1762 MLM |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1196012), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.98. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $4.92, and an average monthly balance of $.18. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.98, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff names twenty defendants in this action, in what appears to be a rant about a conspiracy between the State of Missouri, St. Louis Mayor Francis Slay, the correctional officers who serve at St. Louis County Jail and ERDCC, two public defenders and one judge. Plaintiff's complaint is disorganized and nonsensical. However, from a broad review, plaintiff appears to be alleging that defendant Slay orchestrated a plan with female guards at St. Louis County Jail to "set up sex offenders for money." Plaintiff claims that he found out about the plan and the male guards had him assaulted by another inmate, who had been having sex with a female guard. Plaintiff claims that after the assault, the female guard got mad and claimed she had been raped by the other inmate. Plaintiff asserts that the female guards threatened him that "if [he] came forward" they would "attempt to set [him] up and charge [him] with rape."

Plaintiff asserts that after the alleged assault "the State prosecutors and St. Louis County guards us[ed] [him] as bait to set up sex offenders," resulting in threats from sex offenders that they would kill him. Plaintiff claims that "the Judge in [his] case knew this was going on and didn't report it to law enforcement officials." Plaintiff asserts that the Missouri Department of Corrections continued to use him as "bait" at ERDCC.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a municipality was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted. However, even if plaintiff had properly pleaded capacity, his complaint would still be subject to dismissal.

Plaintiff's complaint is completely devoid of facts - filled with talk of conspiracy between a myriad of defendants. There is little, if anything, in plaintiff's complaint that could be entitled to an assumption of truth, and the Court finds nothing in plaintiff's

facts that would suggest a plausible cause for relief. Iqbal, 129 S. Ct. at 1949-1951. Moreover, in the chaos of plaintiff's complaint, there is no way to discern exactly what causes of action plaintiff is bringing against which of the twenty defendants.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to plead specific facts and proper jurisdiction and must abide by the Federal Rules of Civil Procedure; however, plaintiff has miserably failed to do so in this case. See U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); Boswell v. Honorable Governor of Texas, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should contain "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be "simple, concise, and direct"); Fed.R.Civ.P. 10(b)(parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances").

Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged. Plaintiff is required, to the best of his ability, to set out not only his alleged claims in a simple, concise, and direct manner, but also the facts supporting his claims as to each named defendant. Because plaintiff has failed to do so, and the instant complaint is

nonsensical, implausible and disorganized, the Court will dismiss this action as frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.98 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this <u>8th</u> day of November, 2010.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE